UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-71 DMG(JC) | Date | June 16, 2015 |
|---|---|---|---|
| Title | David Johnson v. Warden Gutierrez, et al. | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|

| Hana Rashad | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| none | none |

**Proceedings:**          (IN CHAMBERS)

**ORDER TO SHOW CAUSE RE DISMISSAL**

On, November 17, 2014, in the United States District Court for the Southern District of California, plaintiff David Johnson ("plaintiff"), who is in federal custody, is proceeding *pro se*, and has been granted leave to proceed *in forma pauperis*, filed a Civil Rights Complaint ("Complaint") which the Court liberally construed as asserting claims under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics ("Bivens"), 403 U.S. 388 (1971), and the Federal Tort Claims Act, 28 U.S.C. §§ 2671-80 ("FTCA").  The Complaint sued the following defendants connected with the Federal Correctional Complex in Victorville, California where plaintiff was formerly housed:  (1) Warden Gutierrez; (2) Dr. Jesus Fernandez; and (3) Mid-Level Practitioner Victoria Malingkas (collectively "defendants").  (Complaint at 1-2).  Plaintiff sued all defendants in their individual and official capacities, and sought monetary relief.  (Complaint at 2, 7).  The case was subsequently transferred to the Central District of California and assigned/referred to this Court for adjudication.

On April 9, 2015, the Court dismissed the Complaint with leave to amend and afforded plaintiff an opportunity, if he wished to pursue this matter, to file a First Amended Complaint within fourteen (14) days, *i.e.*, by April 23, 2015 ("April Order").  The April Order expressly cautioned plaintiff that the failure timely to file a First Amended Complaint may result in the dismissal of this action with or without prejudice on the grounds set forth in the April Order and/or for failure diligently to prosecute. The April Order was sent to plaintiff at his address of record and was not returned as undeliverable.

As plaintiff did not timely respond to the April Order, the Court, on May 7, 2015, issued an Order to Show Cause Re Dismissal ("First OSC") directing plaintiff to show cause in writing why this action should not be dismissed based upon the deficiencies identified in the April Order and/or based upon plaintiff's failure to prosecute.  On May 20, 2015, plaintiff filed a response to the First OSC which did not address the deficiencies identified in the April Order, but recited that plaintiff wished to continue with this action and that he be notified of any deficiencies so that he could promptly correct them. Giving plaintiff the benefit of the doubt, the Court, on May 20, 2015, ordered the First OSC discharged, ordered the Clerk to re-serve plaintiff with the April Order and attachments, and extended plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-71 DMG(JC) | Date | June 16, 2015 |
|---|---|---|---|
| Title | David Johnson v. Warden Gutierrez, et al. | | |

deadline to file a First Amended Complaint to June 2, 2015 ("May Order").  The May Order again expressly cautioned plaintiff that the failure timely to file a First Amended Complaint may result in the dismissal of this action with or without prejudice on the grounds set forth in the April  Order and/or for failure diligently to prosecute.  To date, although the foregoing deadline has expired, plaintiff has again failed to file a First Amended Complaint or to seek an extension of time to do so.

IT IS THEREFORE ORDERED that plaintiff shall show cause in writing, on or before **June 30, 2015**, why this action should not be dismissed based upon the deficiencies identified in the April Order and/or based upon plaintiff's failure to prosecute.  **If plaintiff no longer wishes to pursue this action, he may expedite matters by instead signing and returning the attached Notice of Dismissal by the foregoing deadline.**

**Plaintiff is cautioned that the failure to comply with this order and/or to show good cause, will result in the dismissal of this action based upon the deficiencies identified in the April Order, plaintiff's failure to prosecute this action and/or plaintiff's failure to comply with the Court's order.**

IT IS SO ORDERED.

Attachment

Initials of Deputy Clerk: hr